STATE OF SOUTH DAKOTA          IN CIRCUIT COURT

COUNTY OF CODINGTON          THIRD JUDICIAL CIRCUIT

| | |
|---|---|
| MICHELLE VALADEZ<br>    Plaintiff, | ) )<br>)<br>)    CIV: |
| vs. | )<br>)    SUMMONS |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br>    Defendant. | )<br>)<br>) |

TO THE ABOVE NAMED DEFENDANT:

    You are hereby summoned and required to serve upon Nancy J. Turbak, Plaintiff's

attorney, whose address is 1301 Fourth Street Northeast, Watertown, South Dakota, 57201, an

Answer to the Complaint which is herewith served upon you, within thirty (30) days after service

of this Summons upon you, exclusive of the day of service. If you fail to do so, Judgment by

Default will be taken against you for the relief demanded in the Complaint.

    Dated this 10th day of December, 2009.

                        TURBAK LAW OFFICE, P.C.

                        Nancy J. Turbak Berry
                        Attorney for Plaintiff
                        1301 Fourth Street NE
                        Watertown, South Dakota 57201
                        (605) 886-8361

STATE OF SOUTH DAKOTA

COUNTY OF CODINGTON

IN CIRCUIT COURT

THIRD JUDICIAL CIRCUIT

MICHELLE VALADEZ
    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
    Defendant.

)
)
)
)
)
)
)
)
)
)

CIV:

COMPLAINT

    Plaintiff, for her complaint against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), states as follows:

    1.    State Farm is a company organized under the laws of Illinois and authorized to sell automobile insurance in South Dakota.

    2.    State Farm sold an automobile insurance policy to Michelle Valadez and her husband Jose Valadez, residents of Watertown, SD.

    3.    The automobile insurance policy State Farm sold to Michelle and Jose Valadez provides coverage for bodily injury damages that an insured is legally entitled to collect from the driver of an underinsured motor vehicle.

    4.    At all times relevant to this action, Michelle Valadez was an insured under the automobile insurance policy State Farm sold to Michelle Valadez and her husband.

    5.    On January 5, 2008, Michelle Valadez was injured in a motor vehicle collision when the vehicle she was driving was struck by an automobile driven by Eric Brownell.

    6.    Under the circumstances of the collision, Michelle Valadez was legally entitled to collect bodily injury damages from Eric Brownell.

7.     The bodily injury damages Michelle Valadez was legally entitled to collect from Eric Brownell total at least $58,500 and include compensation for personal injuries and resulting disability, pain, suffering, mental anguish, and loss of enjoyment of life; reasonable and necessary medical care, treatment, and services with a value of approximately Nine Thousand Five Hundred Dollars ($9,500.00) to date; and lost earnings of more than Six Hundred Dollars ($600.00) to date.

8.     At all times relevant to this action, Eric Brownell had automobile liability insurance coverage limited to $25,000.

9.     The motor vehicle that Eric Brownell was operating at the time he struck Michelle Valadez was an underinsured motor vehicle.

10.    Under the policy State Farm sold to Michelle and Jose Valadez, Michelle Valadez is entitled to underinsured motorist benefits of at least $33,500, the difference between her total damages and the amount of Eric Brownell's liability insurance coverage.

11.    On September 25, 2009, Michelle Valadez sent State Farm a claim for underinsured motorist benefits, and requested payment of underinsured motorist benefits from State Farm in the amount of $33,500.

12.    Less than three weeks later, State Farm notified Michelle Valadez that it will not pay her any underinsured motorist benefits.

### Count 1:
### *Breach of Contract*

13.    Paragraphs 1 through 12 are hereby incorporated by reference.

14.    State Farm has breached its obligation under the terms of its contract with Michelle Valadez, causing at least $33,500 of damage to Michelle by that breach.

2

## Count 2:
### *Breach of Duty of Good Faith and Fair Dealing*

15.     Paragraphs 1 through 14 are hereby incorporated by reference.

16.     State Farm has breached the implied covenant of good faith and fair dealing owed to Michelle Valadez under the insurance policy State Farm sold Michelle and Jose Valadez, causing damages to Michelle Valadez that include, but are not limited to, financial hardship, emotional distress, and mental anguish.

17.     State Farm's breach of its duty of good faith and fair dealing was done knowingly, intentionally, and with the purpose of discouraging, avoiding, or reducing the payments due Michelle Valadez under the terms of her policy with State Farm, such that State Farm has acted in willful and wanton disregard for the rights of Michelle Valadez and has been guilty of oppression, fraud, and malice, entitling Michelle Valadez to punitive and exemplary damages.

## Count 3:
### *Breach of Fiduciary Duty*

18.     Paragraphs 1 through 17 are hereby incorporated by reference.

19.     At all times relevant to this action, State Farm had a fiduciary relationship with Michelle Valadez.

20.     State Farm has breached its fiduciary duty to Michelle Valadez, causing damages to Michelle Valadez that include, but are not limited to, financial hardship, emotional distress, and mental anguish.

21.     State Farm's breach of its fiduciary duty was done knowingly, intentionally, and with the purpose of discouraging, avoiding, or reducing the payments due Michelle Valadez under the terms of her policy, such that State Farm has acted in willful and wanton

3

disregard for the rights of Michelle Valadez and has been guilty of oppression, fraud, and malice, entitling Michelle Valadez to punitive and exemplary damages.

### Count 4:
### *Statutory Entitlement to Attorney's Fees*

22.    Paragraphs 1 through 21 are hereby incorporated by reference.

23.    State Farm's failure to pay benefits to Michelle Valadez pursuant to the policy

State Farm sold is vexatious and without reasonable cause, such that Michelle Valadez is

entitled to recover a reasonable sum as attorney's fees, pursuant to SDCL §58-12-3.

THEREFORE, Plaintiff Michelle Valadez requests that the court enter Judgment

against the defendant as follows:

1. Contractual damages to compensate for the underinsured motorist benefits the defendant refuses to pay in the amount of $33,500, or such other amount as a jury decides is just and proper;

2. Tort damages adequate to compensate for the breach of the duty of good faith and fair dealing and the breach of fiduciary duty, in an amount determined by the jury to be just and proper;

3. Punitive and exemplary damages in an amount determined by the jury to be just and proper;

4. Attorney's fees and costs pursuant to SDCL §58-12-3; and

5. Such other and further relief as the court may deem appropriate.

Dated this 10th day of December 2009.

TURBAK LAW OFFICE, P.C.

Nancy J. Turbak Berry
Attorney for Plaintiff
1301 Fourth Street NE
Watertown, South Dakota 57201
(605) 886-8361

4

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all the issues in this action.

Dated this 10th day of December 2009.

TURBAK LAW OFFICE, P.C.

Nancy J. Turbak Berry
Attorney for Plaintiff

5

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | | IN CIRCUIT COURT |
| COUNTY OF CODINGTON | | THIRD JUDICIAL CIRCUIT |

|  |  |  |
|---|---|---|
| MICHELLE VALADEZ | ) | CIV: |
|     Plaintiff, | ) | |
| | ) | PLAINTIFF'S |
| vs. | ) | INTERROGATORIES |
| | ) | TO DEFENDANT STATE FARM |
| STATE FARM MUTUAL AUTOMOBILE | ) | MUTUAL AUTOMOBILE |
| INSURANCE COMPANY, | ) | INSURANCE COMPANY |
|     Defendant. | ) | (FIRST SET) |

TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY:

PLEASE TAKE NOTICE that Plaintiff and her counsel demand that you answer under oath the following Interrogatories within forty-five (45) days from the date of service upon you, pursuant to §15-6-33 of the South Dakota Codified Laws. These Interrogatories are to be deemed continuing within the extent provided by such rules, so as to require supplemental answers if you obtain additional information between the time the answers are served and the time of trial.

These Interrogatories are directed to you, but are also intended to obtain any information now known by any attorney, agent or representative you may have in this matter.

1.    State the name and address of every person known or believed by you, your attorney, or your agent to have information concerning the collision that occurred on January 5, 2008 and is described in the Complaint.

2.    Have you or has any person on your behalf obtained a statement from the Plaintiff, whether oral or written? If so, specify for each statement:

    a.    The name and address of the person[s] to whom such statement was given;
    b.    Whether such statement was oral or written; and
    c.    The person[s] currently having care, custody, or control of any such statement or any copies thereof.

1

3.     Identify every person whom you intend to call as an expert witness at trial, and for each such expert specify:

       a.    The subject matter on which that person is expected to testify;

       b.    The substance of the facts and opinions to which that person is expected to testify;

       c.    A summary of the grounds for each opinion to which that person is expected to testify.

4.     At any time since the collision described in the Complaint, were any photographs, motion picture films or video recordings taken of the scene of the collision, the motor vehicle involved, or the people involved? If so, identify those by giving:

       a.    The date or dates of the taking of such photographs or motion picture films, or video recordings;

       b.    The name and address of the person or persons having possession of them; and

       c.    Whether you will permit the Plaintiff or her representative to examine and reproduce each such photograph at Plaintiff's expense.

5.     Do you claim that the collision described in the Complaint was caused in any way by a mechanical defect or malfunction of any vehicle? If so, state:

       a.    The nature of the defect or malfunction;

       b.    How you believe the defect or malfunction contributed to the collision; and

       c.    The name and address of any person[s] with knowledge about the defect or malfunction.

6.     State the legal name of your company, the address and telephone number of your home office, and the address and telephone number of your principal place of business in South Dakota.

7.     State the year in which your business was incorporated and the state in which it was incorporated, and the date on which your company was licensed to do business in South Dakota.

8.     List the names, titles, and present residential and business addresses of all of the officers of your company.

9.  State the name and address of each person responsible for the investigation of any claim Michelle Valadez had under any insurance coverage State Farm Mutual Automobile Insurance Company provided pursuant to a policy issued to Jose and Michelle Valadez (hereafter referred to as "the coverage State Farm provided").

10. State the name and address of each person who was responsible in any way, either directly or indirectly, for the decision concerning how you would respond to any claim Michelle Valadez had under the coverage State Farm provided. As to each person, state:

    a.    The person's job title or office held;
    b.    A brief description of the person's duties;
    c.    A detailed description of what decision(s) that person made with regard to responding to any claim by Michelle Valadez for compensation under the coverage State Farm provided, and the reasons for each such decision; and
    d.    The date(s) each such decision was made.

11. Among those persons identified in your answer to the preceding interrogatory, state the name and address of the person who had the greatest authority to make any decisions regarding any claim Michelle Valadez had under the coverage State Farm provided.

12. Describe in detail everything you did to investigate any claim Michelle Valadez had under the coverage State Farm provided.

13. Describe in detail everything you did to evaluate any claim Michelle Valadez had under the coverage State Farm provided.

14. State the name, address, and telephone number of any person having or claiming to have knowledge of the procedure you followed with respect to processing any claim Michelle Valadez had under the coverage State Farm provided.

15. Identify all written policies, manuals, or other written communications setting forth practices, procedures, or policies you have been instructed to follow regarding the handling of claims for medical expense payments under the coverage State Farm provided.

3

16.     Identify all files, reports, and other documentation relating to any claim Michelle Valadez had under the coverage State Farm provided.

17.     Identify the name, occupation or title, and address of the custodian of the documents identified in your response to the preceding interrogatory.

18.     Do you claim that any of your conduct with respect to the handling of any claim Michelle Valadez had under the coverage State Farm provided was upon advice of counsel, such that an "advice of counsel" defense will be asserted in this action?

19.     Identify any legal opinions upon which you relied from either in-house counsel or outside counsel regarding any claim Michelle Valadez had under the coverage State Farm provided, or any similar claim under a policy similar to the policy in this litigation rendered prior to the filing of this lawsuit.

20.     Do you deny that the accident described in the Complaint was caused by the negligence or recklessness of Eric Brownell? If so, state the basis for your denial; identify any person having knowledge of facts that support the basis for your denial; and identify any document that records or relates facts supporting the basis for your denial.

21.     During the past ten years, have you ever been a party to any legal action in the State of South Dakota brought for fraud, breach of fiduciary duties, breach of the duty of good faith and fair dealing, or breach of statutory duties? If so, describe each action by providing: the names and addresses of all parties; the date of the filing of the action; the docket number of the action; the jurisdiction in which the action was filed; the substance of the facts, as set out in the pleadings; the jurisdiction in which the action came to trial, if different from the jurisdiction in which the action was filed; whether the action has been settled, adjudicated, or is pending; the

4

nature or result of any disposition of the action; and the name and address of the attorney representing the Plaintiff in the action.

22.    As to each person who prepared or assisted in the preparation of any responses to the preceding interrogatories, state that person's name, business address, job title and duties, and what that person did with respect to preparation of the interrogatory responses, including by number the specific interrogatory responses that the person prepared or assisted in preparing.

23.    List the names and addresses of all employees and agents of your company who were in any way responsible for evaluating, managing, or handling any claim Michelle Valadez had under the coverage State Farm provided.

24.    As to each employee or agent named in your response to the preceding interrogatory, list the job title or classification held by the individual at the time he or she handled or processed any claim Michelle Valadez had under the coverage State Farm provided.

25.    If any individual identified in your response to Interrogatory 27 no longer works for your company, provide his or her name, last position with your company, and last known address.

26.    Do you contend that any of your employees or agents acted outside the scope of his or her authority with respect to any claim Michelle Valadez had under the coverage State Farm provided? If so, explain all facts and evidence in support of this contention, including the identity of each document or other written communication that supports the contention.

27.    Have you reported your financial condition to any governmental agency concerned with the licensing or regulating of insurance at any time within the past five years? If so, indicate the name and address of each agency and the fiscal period covered by the latest of each report.

5

28.    State for each of the last five fiscal years, your company's net worth, gross assets,
net income or loss, and net operating income or loss from the sale of policies similar to the
policy that is the subject of this action.

29.    During the past five years, has your company ever had its license to do business
either suspended or revoked in any state? If so, indicate each state in which your license was
revoked or suspended and the date or each suspension or revocation.

Dated this 10ᵗʰ day of December, 2009.

TURBAK LAW OFFICE, P.C.

Nancy J. Turbak Berry
Attorneys for Plaintiff
1301 4ᵗʰ Street Northeast
Watertown, South Dakota  57201
(605) 886-8361

6

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | | IN CIRCUIT COURT |
| COUNTY OF CODINGTON | | THIRD JUDICIAL CIRCUIT |

|  |  |  |
|---|---|---|
| MICHELLE VALADEZ | ) | |
|     Plaintiff, | ) | CIV: |
| | ) | |
| vs. | ) | REQUEST FOR PRODUCTION OF |
| | ) | DOCUMENTS |
| STATE FARM MUTUAL AUTOMOBILE | ) | (FIRST SET) |
| INSURANCE COMPANY, | ) | |
|     Defendant. | ) | |

TO THE ABOVE NAMED DEFENDANT:

In accordance with §15-6-34 of South Dakota Codified Laws, Plaintiff Michelle Valadez requests that Defendant produce for inspection and copying the documents and things described below. To the extent that any information requested below is stored digitally or electronically, request is made for *both* a digital or electronic copy of the stored information *and* a clearly legible hard copy print-out of the information.

    1.    A complete and clearly legible copy of the insurance policy by which State Farm Mutual Automobile Insurance Company provided insurance coverage to Michelle Valadez at the time of the motor vehicle collision on January 5, 2008 (hereafter referred to as "the coverage State Farm provided").

    2.    The complete claims file concerning any claim Michelle Valadez had under the coverage State Farm provided, including (*but not limited to*) the following:

        a.    All intra-office and inter-office memoranda, notes, e-mail, and other communication recorded in any form and generated or received by you (or any employee or agent of yours) concerning the processing, evaluation, or payment of any claim Michelle Valadez had under the coverage State Farm provided;

        b.    All memoranda, notes, e-mail, and other communication recorded in any form between you (or any employee or agent of yours) and any third party concerning

the processing, evaluation, payment, or other handling of any claim Michelle Valadez had under the coverage State Farm provided;

c.   All written or electronically recorded or stored communication between Michelle Valadez (or anyone acting on her behalf) and you (or any employee or agent of yours), including (but not limited to) proof of loss forms;

d.   All investigative reports concerning Michelle Valadez or any claim Michelle Valadez had under the coverage State Farm provided;

e.   All memoranda, notes, e-mail, and other communication recorded in any form that documents communication between you (or any employee or agent of yours) and any third party concerning such investigative reports;

f.   All photographs, videotapes, and motion pictures concerning Michelle Valadez or any claim Michelle Valadez had under the coverage State Farm provided;

g.   All other written or electronically recorded or stored documents of any kind in the possession of you (or any employee or agent of yours) that concern Michelle Valadez or any claim Michelle Valadez had under the coverage State Farm provided; and

h.   All file folders or file jackets and adjacent or related exhibit folders in which any documents or other items described above are or have been filed or maintained.

4.   Any of the documents otherwise described in Paragraph 2 or 3 above that are filed or maintained outside or apart from the claims files.

5.   All minutes, notes, memoranda, and other documents, however recorded, that relate to any meeting of any claims committee, policy forms committee, or other group within your organization that concern the handling of any claim Michelle Valadez had under the coverage State Farm provided.

6.   All claims manuals, policy manuals, policy statements, and other documents in effect at any time from January 1, 2005 to the present, regarding any policy or procedure for your handling of an insured's claim for medical payments benefits, and any amendments, changes, alterations, or revisions to those manuals, statements, or documents.

2

7.      All manuals, educational materials, and written or other recorded instructions that are or have been used at any time since January 1, 2005 for the training of any of your agents, adjusters, or other personnel involved in processing an insured's policy or processing an insured's claim for benefits under a policy with State Farm.

8.      Defendant State Farm's financial statements and profit and loss or operating statements for each of the last five fiscal years.

9.      The original or a clearly legible copy of every document, photograph, film, video recording, and other item identified in your Answers to Plaintiff's Interrogatories.

Production will take place at Turbak Law Office, P.C., 1301 4th Street NE, Watertown, South Dakota on February 8th, 2009 at 10:00 AM.

Dated this 10th day of December, 2009.

                                        TURBAK LAW OFFICE, P.C.

                                        Nancy J. Turbak Berry
                                        Attorney for Plaintiff
                                        1301 Fourth Street NE
                                        Watertown, South Dakota 57201
                                        (605) 886-8361

3